Chen v. Sessions

BIA
Zagzoug, IJ
A205 809 461

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of October, two thousand eighteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
ROSEMARY S. POOLER,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

YI SHU CHEN,

*Petitioner,*

v.                                                    17-258
NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

*Respondent.*

_____

FOR PETITIONER:            Richard Tarzia, Belle Mead, NJ.

FOR RESPONDENT:                    Chad A. Readler, Acting Assistant
                                   Attorney General; Paul Fiorino,
                                   Senior Litigation Counsel; Judith
                                   R. O'Sullivan, Trial Attorney,
                                   Office of Immigration Litigation,
                                   United States Department of
                                   Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Yi Shu Chen, a native and citizen of the People's Republic of China, seeks review of a January 13, 2017, decision of the BIA affirming a May 4, 2016, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yi Shu Chen,* No. A205 809 461 (B.I.A. Jan. 13, 2017), *aff'g* No. A205 809 461 (Immig. Ct. N.Y. City May 4, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA and consider only the adverse credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The

2

applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies or omissions in his or his witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. "We defer . . . to an IJ's credibility determination unless . . .it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. As set forth below, two primary grounds for the credibility determination—testimonial vagueness and corroboration—contain errors, and we cannot confidently predict that remand would be futile because the only other basis for the adverse credibility is a demeanor finding, which is not fully supported by the record.

I. Testimonial Vagueness

The agency may rely on vague testimony in making an

adverse credibility determination. *Shunfu Li v. Mukasey*, 529 F.3d 141, 147 (2d Cir. 2008). "A fact finder may understandably find detailed testimony more convincing than vague testimony," *id.*, and, "[w]here an applicant gives very spare testimony, . . . the IJ . . . may fairly wonder whether the testimony is fabricated. If so, the IJ and counsel for the [government] may wish to probe for incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility," *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2008). "[A] finding of testimonial vagueness cannot, without more, support an adverse credibility determination unless government counsel or the IJ first attempts to solicit more detail from the alien." *Shunfu Li*, 529 F.3d at 147.

Chen is correct that the agency erred in basing the credibility determination on his purportedly vague testimony about his detention, interrogation, and beating. The IJ found that Chen provided few details about his beating and detention; however, Chen testified about how he was beaten (the police used a baton to strike his shoulder, back, and leg); he described the questions asked during his

4

interrogation and his response (the police asked him for the names of the church leader and members, but he refused to answer); and he specified where he was detained (the Ming Ho police station). Chen's testimony is accordingly sufficiently concrete to defeat an adverse credibility determination on vagueness grounds. *Jin Shui Qiu*, 329 F.3d at 151 ("[T]estimony is 'too vague' if it doesn't identify facts corresponding to each of the elements of one of the 'refugee' categories of the immigration statutes."); *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (observing that "a 'minor beating' . . . may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground"). Regardless, even if Chen's detention-related testimony could be considered vague, the IJ did not ask a single question about Chen's detention, and the only detention-related questions asked by the attorney for the Department of Homeland Security ("DHS") concerned the timing of Chen's arrest and release. The agency therefore erred in basing the adverse credibility determination on a lack of detail. *Shunfu Li*, 529 F.3d at 147.

II. Corroboration

"An applicant's failure to corroborate his or her

5

testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As discussed below, we find errors in the IJ's treatment of Chen's corroborating evidence.

First, the IJ appears to have ignored Chen's documentary evidence of his practice of Christianity in the United States. Although the IJ concluded in a detailed and separate subsection of her analysis that Chen failed to credibly establish his own U.S-church practice because his U.S.-church witness did not credibly establish her own, the IJ appears to have ignored Chen's other documentary evidence, which included photographs of himself participating in church activities, a baptism certificate from his church, a church letter attesting that he attended church 97 times between July 2012 to January 2016, and the church program from the last service that he allegedly attended with his witnesses. While an IJ is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008), and "we presume that an IJ has

6

taken into account all the evidence before [her], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006), the record here compellingly suggests that the IJ ignored Chen's U.S.-church documents because the IJ appeared to place dispositive weight on Chen's witness's failure to establish her own religious practice and made numerous, specific evidentiary findings on other documents in the 17-page, single-spaced, written decision.

Second, Chen is correct that the IJ's reason for discrediting his U.S.-church witness's testimony was based on a misstatement of the record. Contrary to the IJ's finding, the witness was not confronted with Chen's testimony that he attended church two times per month before clarifying that she saw him sometimes just once a month and on average twice. *see Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 74 (2d Cir. 2004) (noting that adverse credibility determination may not rest on "a misstatement of the facts in the record"), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). Moreover, although the IJ stated that Chen testified that he attended church only two times per month, Chen actually testified that he attended two times

7

a month on average. Accordingly, the witness's overall testimony that she saw Chen at church between one and three times a month was not inconsistent with Chen's testimony that he attended about twice a month. Although Chen raised this challenge before the BIA, the BIA did not mention the witness in its decision. It is therefore unclear whether the BIA eschewed reliance on the IJ's finding, rejected the argument without discussion, or merely overlooked it. *Beskovic*, 467 F.3d at 227 (requiring a certain minimal level of analysis from agency decisions to enable meaningful judicial review).

Third, the IJ faulted Chen because he offered no documents to corroborate his detention, and no documents indicating that he suffered any injuries as a result of the beating; however, Chen submitted letters from a fellow underground church member and his father in China corroborating his (Chen's) arrest, detention, and beating. While the IJ did not err in discounting Chen's letters because their authors were unavailable for cross examination, *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013), the reference to Chen offering *no* documents to corroborate his detention or injuries is troubling. Chen did not testify that he sought medical treatment for the bruise on his shoulder, so it is

8

unclear what injury-related documents the IJ expected Chen to submit.

II. Remand Futility Analysis

Because the testimonial vagueness and corroboration findings underlying the credibility determination contain errors, we must assess whether remand would be futile. *Lianping Li v. Lynch*, 839 F.3d 144, 149 (2d Cir. 2016).

> The overarching test to deem a remand futile is when the reviewing court can confidently predict that the agency would reach the same decision absent the errors that were made. To determine whether remand would be futile, a reviewing court should assess the entire record and determine whether, based on the strength of the evidence supporting the error-free findings and the significance of those findings, it is clear that the agency would adhere to its decision were the petition remanded.

*Id.* (internal quotation marks and citation omitted). We cannot deem remand futile because the only other finding supporting the adverse credibility determination—demeanor—is not fully supported by the record, and we have never held that a demeanor finding alone can constitute substantial evidence for an adverse credibility determination.

Although, "[w]e give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor," *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005), for

9

demeanor to be the only basis for a determination, there must be some analysis that allows for meaningful judicial review, *see Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005); *see also Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (observing that demeanor findings are more reliable when supported by "specific examples of inconsistent testimony" (internal quotation marks and citation omitted)). The demeanor finding here is not enough on its own to deem remand futile.

First, the transcript does not confirm the IJ's finding that Chen took long pauses when answering questions. Second, while the IJ's observation that Chen's demeanor was cavalier when testifying about his detention and the risks of attending his underground church provides some support for the demeanor finding, there was no accompanying inconsistency or lack of detail to strengthen the finding. *See Yan Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011) (affirming adverse credibility determination based in part on finding that petitioner was "nonchalant" when testifying about forced abortion). Third, the IJ's finding that Chen was evasive when testifying about his savings deposits is not fully supported because Chen was responsive when asked how he had

10

the funds to maintain his deposit schedule.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk